**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4656**

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

MARCOS LOPEZ-GUZMAN,

                                        Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Dever III,
District Judge.  (7:06-cr-00123-D)

Submitted:  February 8, 2008          Decided:  February 20, 2008

Before TRAXLER and SHEDD, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Banumathi Rangarajan, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcos Lopez-Guzman pled guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of cocaine (Count 1), and use and carry of a firearm in the furtherance of a drug trafficking crime (Count 2). The district court properly calculated his advisory Sentencing Guidelines range as 168-210 months for Count 1, and sentenced Lopez-Guzman to 186 months of imprisonment for this count. The court also sentenced Lopez-Guzman to sixty months of imprisonment for Count 2. On appeal, Lopez-Guzman argues that his 186-month sentence is unreasonable. For the reasons that follow, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence to determine whether it is unreasonable with regard to § 3553(a) factors, applying a "deferential abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 591 (2007). A district court must engage in a multi-step process at sentencing. First, the district court must calculate the appropriate advisory Sentencing Guidelines range by making any necessary factual findings. Id. at 596. The court should then afford the parties "an opportunity to argue for whatever sentence they deem appropriate." Id. Next, the sentencing court should consider the resulting advisory sentencing range in conjunction with the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and determine whether the § 3553(a) factors support

the sentence requested by either party. Id. Considering the factors in § 3553(a) does not require the sentencing court to "robotically tick through" every subsection of § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006), cert. denied, 127 S. Ct. 3044 (2007).

To determine whether a sentencing court abused its discretion, we undertake a two-part analysis. United States v. Pauley, 511 F.3d 468, ___, 2007 WL 4555520 (4th Cir. 2007). First, we examine the sentence for "significant procedural errors," and second, we evaluate the substance of the sentence. Id. at *5. Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Id. (internal quotations omitted). Second, we review the substantive reasonableness of the sentence. This "entails taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. While an appellate court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable. Moreover, it must give due deference to the district court's decision that the § 3553(a) factors justify the extent of

any variance sentence. Even if the reviewing court would have reached a different sentencing result on its own, this fact alone is insufficient to justify reversal of the district court. Id.

Here, the district court followed the necessary steps in sentencing Lopez-Guzman, and we find no abuse of discretion in its within-Guidelines range sentence of 186 months for Count 1. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED